IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00127-MR

| | |
|---|---|
| SALIMABDU GOULD,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J. NICHOLES, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's Complaint [Doc. 1] and Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2]. Also pending is Plaintiff's "Order to Show Cause Preliminary Injunction, Temporary Restraining Order…." [Doc. 5].

*Pro se* Plaintiff is a prisoner in the custody of the North Carolina Department of Public Safety (NCDPS) at the Marion Correctional Institution. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1985.[2] [Doc. 1].

---

[1] Also known as Abdu-Salim Gould (see E.D.N.C. Civil Case Nos. 5:14-ct-03066-FL and 2:14-cv-00075-FL) and as Abdu Salim-Gould (see E.D.N.C. Civil Case No. 2:15-cv-00002-FL).

[2] Plaintiff also purports to bring this action pursuant to the United States Constitution Article I, Section 8, clause 8 (addressing patents and copyrights) and criminal conspiracy statutes 18 U.S.C. §§ 241 and 242.

He names as Defendants: Officer J. Nicholes, a Marion C.I. Security Risk Group (SRG) intelligence officer; Captain M. Long, a Marion C.I. intelligence officer; Thomas Hamilton, a unit manager; and Robert T. Barker, a designated hearing officer.

In his Complaint, Plaintiff appears to allege that Defendants have: acted together to wrongly accuse him of violating the grievance process and of being a sovereign citizen; classified him as SRG[3] without a hearing; deprived him of the grievance process; denied him of access to the courts; destroyed his legal mail and materials; confined him to his room and only allowed him to come out in handcuffs and shackles; and exposed him to staff aggression including constant threats, harassment, and false infractions which causes Plaintiff "constant fear of imminent physical harm." [Doc. 1 at 4]. He also makes vague allegations that he is being denied religious freedom "to be at peace with self." [Id.]. Plaintiff seeks a temporary restraining order or preliminary injunction; compensatory, nominal, and punitive damages; and a jury trial.

---

[3] The SRG or "Security Risk Group" designation indicates that the North Carolina Department of Public Safety has classified a prisoner as a validated gang member. See https://www.ncdps.gov/adult-corrections/security-services (last visited Aug. 17, 2020).

2

Plaintiff's "Order to Show Cause Preliminary Injunction, Temporary Restraining Order…." [Doc. 5], which was docketed as a Motion for Order to Show Cause, is a 79-page collection of largely meaningless documents[4] including a proposed order for the Defendants to show cause why a preliminary injunction or temporary restraining order should not be granted. In his supporting Memorandum [Doc. 6], Plaintiff makes wide-ranging allegations including that he was denied access to the courts and to legal mail at Scotland C.I.; that he was then transferred to Marion C.I. where he wrongly labeled SRG without due process and was denied personal property; that he has been retaliated against and denied access to the courts and to legal mail; that he is being harassed and threatened which causes stress and anxiety; and that he was given a false SRG infraction to justify continuing to deprive him of access to the courts. Plaintiff further alleges that NCDPS's Regional Director of Prisons Kenneth Lassiter and Commissioner Todd E. Ishee "conspired to use their authority, office, to gain tactical

---

[4] For instance, the packet includes a "Disclosure of Corporate Affiliations and Other Entities with Interest in Litigation" in which Plaintiff refers to himself as a "secured party-indemnitee" and states *verbatim:* "One Being: [signature] authorized representative, in propria persona sui juris, secured party indemnitee of hold-harmless and indemnitee agreement, self-executing contract/security agreement, of autograph common law copyright © notice, record holder and sole-proprietor, having made public notice March 11, 2020 in the U.S. District Court, Western District of N.C. Charlotte." [Doc. 5 at 4].

3

advantage in litigations" by labeling Plaintiff SRG to justify restricting his access to the courts and legal mail. [Doc. 6 at 5]. Plaintiff alleges that "[t]here is a pattern, Plaintiff genuinely expresses his concerns … and fears of imminent danger of physical harm" because, for instance, he is only allowed out of his cell in handcuffs and shackles. [Doc. 6 at 11, 17].

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The requisite imminent danger must address a danger that is "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." Meyers v. Comm'nr of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of

4

ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Plaintiff has filed at least three prior civil actions that count as strikes under § 1915(g): Gould v. Farrakhan, Civil Case No. 2:15-cv-00002-FL, 2015 WL 1046133 (E.D.N.C. March 10, 2015) (dismissed for failure to state a claim; no appeal taken); Gould v. Bertie Cnty., Civil Case No. 5:14-ct-03066-FL, 2015 WL 11090417 (E.D.N.C. Jan. 13, 2015) (dismissed for failure to state a claim), *aff'd* 604 F. App'x 284 (4th Cir. 2015); Gould v. Summey, Civil Case No. 2:14-cv-00075-FL, 2015 WL 412832 (E.D.N.C. Jan. 30, 2015) (dismissed for failure to state a claim; appeal voluntarily dismissed).

Plaintiff seeks to avoid the three-strikes bar by contending that he is in imminent danger of physical harm. [See Doc. 1 at 4]. However, Plaintiff's allegations of harassment, threats, and fear have no nexus to the underlying complaint and are too vague and conclusory to establish that he is in imminent danger of physical harm. See, e.g., Merriweather v. Reynolds, 586 F.Supp.2d 548 (D.S.C. May 11, 2008) (holding that inmate's allegations of serious retaliation, continuous threats on his life, that he is in danger from prison gangs, and that prison personnel have threatened to put him in a pink

5

jumpsuit, were insufficient to establish an imminent danger of physical harm under § 1915(g)).

Plaintiff is subject to the three-strike bar; he has not prepaid the filing fee; and he has failed to demonstrate that he is in imminent danger of physical harm. Therefore, he may not proceed *in forma pauperis* pursuant to § 1915(g). Accordingly, the Court will dismiss the Complaint without prejudice. The "Order to Show Cause Preliminary Injunction, Temporary Restraining Order…." [Doc. 5] will be denied as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 8] is **VACATED**;

(2) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **DENIED**;

(3) The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee in this case, if any;

(4) The Clerk is respectfully instructed to mail a copy of this Order to the Marion Correctional Institution so that withdrawals from Plaintiff's inmate account for this case can be terminated;

(5) Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**; and

(6) Plaintiff's "Order to Show Cause Preliminary Injunction, Temporary Restraining Order…" [Doc. 5] is **DENIED AS MOOT**.

The Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF and close this case.

**IT IS SO ORDERED.**

Signed: August 19, 2020

Martin Reidinger
Chief United States District Judge